UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

                        Plaintiff,                    Criminal No.  18-cr-194 (ADM/DTS)

            v.
                                                      **DEFENDANT'S MEMORANDUM
Kenneth Davon Lewis,                                  IN SUPPORT OF MOTION TO
                                                      SUPPRESS**

                        Defendant.

## INTRODUCTION

Defendant has moved the Court for an Order suppressing statements he made on April 19, 2018, during a custodial interrogation, because those statements were obtained in violation of his Fifth Amendment rights.  Defendant submits this Memorandum in support of his motion.

On April 19, 2018, the day after his arrest, Defendant was questioned by law enforcement while in custody at the Anoka County Jail.  Defendant was read his *Miranda* rights.  During the questioning, and shortly after he was Mirandized, Defendant unequivocally invoked his right to remain silent, stating "I'm done talking."  At this point, the State should have immediately ended questioning, but it did not.  Instead, despite Defendant's unequivocal statement, law enforcement attempted to persuade Defendant to talk.  The State's conduct—in failing to cease questioning after Defendant unequivocally invoked his right to remain silent—violated Defendant's Fifth Amendment rights.  As such, the April 19, 2018 statement must be suppressed.

1

## BACKGROUND

On April 19, 2018, Detective Villegas and Detective Nelson questioned Defendant while he was in custody at the Anoka County Jail. (*See* Government's Ex. 2, Transcript of April 19, 2018 Statement (hereinafter "Tr.").) The detectives questioned Defendant for several minutes prior to delivering the *Miranda* warning. (Tr. at 1-2.) After the detectives provided the *Miranda* warning, Defendant declined to respond to initial questions by law enforcement:

> Q:   I'm fine I wanna hear from your side, your perspective what happened?
>
> A:   Uh, yeah, I aint, I aint got no perspective.

(Tr. at 3.)

Defendant then asked law enforcement to explain the charges against him. (*Id.*) After a brief explanation, law enforcement resumed questioning Defendant. (Tr. at 4-5.) Soon after, Defendant unequivocally stated: "I'm done talking." (Tr. at 5.) Law enforcement continued their questioning. (*Id.*) Defendant then again attempted to put an end to the interrogation, stating "I'm going, I'm going, I'm going" and "stop, stop." (Tr. at 6.) Recognizing that Defendant did not want to provide a statement, law enforcement tried to persuade him to continue the interrogation: "But let's look at the reality of the circumstances . . . . this is gonna be your only time to tell us what happened… It can absolutely help you." (*Id.*) Their efforts succeeded, and Defendant provided a statement, which this motion seeks to suppress.

## ARGUMENT

**I.** **The April 19, 2018 statement must be suppressed in its entirety because Defendant invoked his Fifth Amendment right to remain silent, after which the State inappropriately persisted in questioning him.**

The Fifth Amendment provides that "[n]o person… shall be compelled in any criminal case to be a witness against himself…" U.S. Const. amend. V. The State "may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

**A.** **Post-*Miranda* statements occurring after Defendant invoked his Fifth Amendment right to remain silent must be suppressed.**

A person in custody has a right to remain silent, which is the "right to cut off questioning." *U.S. v. Cody*, 114 F.3d 772, 775 (8th Cir. 1997). When a suspect invokes his right to silence, law enforcement must end the interrogation. *Miranda v. Arizona*, 384 U.S. 436, 473-74 (1966) ("If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease."). Interrogating officers must "scrupulously honor" a suspect's invocation of the right to silence. *Cody*, 114 F.3d at 775 (citing *Michigan v. Mosley*, 423 U.S. 96, 102-104 (1975)). Interrogation "refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 302 (1980).

Once the right to remain silent is invoked:

[T]he Police must immediately cease questioning, allow a "significant amount of time" to pass before questioning begins again, re-advise the detainee of [his] *Miranda* rights, and limit the ensuing interrogation to questions regarding a separate crime not the subject of the first questioning session.

*Cody*, 114 F.3d at 775 (citing *Mosely*, 423 U.S. at 104; *see also United States v. House*, 939 F.2d 659, 662 (8th Cir. 1991) ("The [*Mosely*] Court relied on three factors in determining that continued questioning after an initial refusal to answer questions was appropriate: (1) there was an immediate cessation of questioning upon defendant's request; (2) a 'significant amount of time' had passed since the last session and a new set of warnings was given; and (3) the second interrogation involved inquiries concerning a separate crime.")

### i.      Defendant invoked his Fifth Amendment right to remain silent.

Defendant was advised of his *Miranda* rights during questioning on April 19, 2018, after which time he unequivocally invoked his right to remain silent—"I'm done talkin." (Tr. at 5.)   After stating he was "done talking," and in response to law enforcement attempts to move forward with the interrogation, Defendant stated, "I'm going, I'm going, I'm going" and "stop, stop" which further made clear his desire to end questioning. (Tr. at 6.)

In *Adams*, the United States District Court for the District of Minnesota concluded that when the defendant stated he was "done talking" that statement unequivocally invoked his Fifth Amendment right to remain silent:

> It is also clear to the Court that when [defendant] unequivocally stated that he was "done talking," he invoked his Fifth Amendment right to remain silent.  At that point, [the State] should have immediately ended the interview.  However, rather than honoring [defendant's] invocation of his right to remain silent, [the State] continued interrogating him.  This violated [defendant's] rights under the Fifth Amendment.

*U.S. v. Adams*, 2016 WL 385965, at *3 (D. Minn. Jan. 7, 2016).

Other courts have come to the same conclusion.  *See Jones v. Harrington*, 829 F.3d 1128, 1141 (9th Cir. 2016) (holding that statement "I don't want to talk no more" was unambiguous invocation of right to remain silent); *Flores v. Muniz*, 2018 WL 1806184, at *10 (E.D. Cal. Apr. 17, 2018) (statement "I'm done talking" represents a "clear, unambiguous, and unequivocal invocation of the right to remain silent."); *U.S. v. Heine*, 2016 WL 6808595, at *23 (D. Or. Nov. 17, 2016) (holding that statement "I really don't want to talk anymore" was unambiguous invocation of right to remain silent).

### ii.  The State violated Defendant's Fifth Amendment rights by continuing questioning and attempting to persuade Defendant to talk.

After Defendant invoked his right to remain silent, the State was required to cease questioning and allow significant time to pass before it resumed questioning.  *Cody*, 114 F.3d at 775.  Instead, the State continued the interrogation and attempted to talk Defendant out of his demand that the interrogation stop:

> This is gonna be your only time to tell us what happened . . . . It can absolutely help you . . . . this is one side of the story we're working with, it's our job to put the whole puzzle together and I can't do that without you telling us what happened.

(Tr. at 6.)   The State's attempt to persuade Defendant to talk immediately after he invoked his right to remain silent fails all three prongs of the *Mosely* test: (1) there was

not an immediate cessation of questioning upon Defendant's request to end the interrogation; (2) a 'significant amount of time' did not pass between the attempted interrogation of Defendant and a new set of *Miranda* warnings; and (3) the second (in this case, the continued) interrogation involved inquiries concerning the same and not a separate crime. *E.g., House*, 939 F.2d at 662.

In *U.S. v. Teemer*, the United States District Court for the District of Maryland concluded the defendant invoked his right to remain silent by stating "I'm not gonna say anything after that, because that would violate my rights."  260 F. Supp.2d 187, 196 (D. Maine 2003).  Instead of ending the questioning, the officer responded by attempting to persuade the defendant to talk and tell his side of the story.  *Id.*  The court concluded that, the State's attempts at persuasion violated the defendant's Fifth Amendment right to remain silent:

> Officer Teceno should have ceased his questioning of Defendant. However, despite Defendant's clear statement that he did not wish to answer any questions at that point, Officer Teceno responded by immediately seeking to *persuade* Defendant that indeed he *should* talk. He emphasized for Defendant that besides his right to remain silent, he also had a right to tell *his* side of the story and that, if he did not, they had only the story of his co-defendant and the other police officers… Far from scrupulously honoring Defendant's assertion that he did not wish to answer his questions, Officer Teceno engaged in tactics, in a custodial setting, designed to convince Defendant to waive the right he had already invoked. Such efforts on the part of the officer resulted in a violation of Defendant's Fifth Amendment rights under *Miranda*, and any statements made after Defendant's invocation of this privilege will be suppressed.

*Id.* at 196-97.  (emphasis in original); *see also U.S. v. Sippola*, 2010 WL 2720780, at *7 (W.D. Mich. June 24, 2010) (granting suppression of statement where "[i]mmediately after asserting his *Miranda* rights, [defendant] was turned over to custody of FBI Special

Agent Johnston, who instead of honoring [defendant's] assertion of rights took steps to convince [defendant] that he should waive those rights."); *compare with United States v. DeMarce*, 564 F.3d 989, 994 (8th Cir. 2009) (affirming denial of suppression motion where agents immediately ceased questioning after suspect invoked right to remain silent and "did not attempt to persuade [him] to reconsider or to resume the interrogation") (internal quotation omitted).

When faced with Defendant's unequivocal statement—"I'm done talkin"— and his repeated demands that the interrogation "stop," the State responded with efforts to convince Defendant to talk, telling him it would be his "only time to tell [them] what happened," that doing so would help him, and that they needed Defendant's "side of the story" to "put the whole puzzle together."   (Tr. at 5-6.)  Doing so violated *Miranda*.

Because the State failed to "scrupulously honor" Defendant's invocation of his right to remain silent and, as such, any subsequent statement must be excluded as a violation of Defendant's Fifth Amendment right to remain silent.  *See Adams*, 2016 WL 385965, at *4 (concluding that, based on violation of Fifth Amendment right to remain silent, "[t]he nine minutes of the interview that followed after [defendant's] invocation of his right to remain silent must be suppressed.").

### B.      Pre-*Miranda* statements must be suppressed.

There is no dispute Defendant was in custody as of April 19, 2018.  On April 19, 2018, Detectives Villegas and Nelson questioned Defendant for several minutes before delivering a *Miranda* warning.   (Tr. 1-2.)   The pre-*Miranda* statements must be suppressed.

7

## CONCLUSION

Defendant respectfully requests the Court suppress any statements by Defendant made on April 19, 2018, and additionally exclude any evidence obtained as a result of the illegal questioning.

Dated:  October 31, 2018          s/ Kevin C. Riach
                                        Kevin C. Riach
                                        Attorney ID No. 389277
                                        Fredrikson & Byron, P.A.
                                        200 South Sixth Street, Suite 4000
                                        Minneapolis, MN 55402
                                        Phone:  612-492-7435

**ATTORNEYS FOR DEFENDANT
KENNETH DAVON LEWIS**

8