UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-194 (ADM/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>KENNETH DAVON LEWIS,<br><br>  Defendant. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION** |

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Thomas Calhoun-Lopez, Assistant United States Attorney, hereby submits its response to the Defendant's objections to the Report and Recommendation (Document No. 111, "R&R") in this case (Document No. 112, "Def. Obj."). The United States opposes Lewis's objections, and asks the Court to adopt the findings and recommendations of the R&R in their entirety.

  a.  <u>Lewis's argument that dismissal is necessary</u>.

The R&R correctly held that Lewis has not shown "actual and substantial prejudice," nor "a substantial threat" thereof. (R&R 20.) The R&R then properly found a tailored remedy that will address any concerns with the conduct of law enforcement at trial. (R&R 20, 22–23.) These measures consist of the following: 1) Det. Villegas must have no further involvement in the federal prosecution of Lewis; 2) the United States may not call A.A., L.H., or E.G.[1] as witnesses at trial; 3) the United States may only call

---

[1] A.A., L.H., and E.G. are current or former girlfriends of Lewis's. (R&R 9–10, 21.)

witnesses it has identified in its prior stipulation (Document No. 100 at 6); and 4) the United States must ensure that none of these witnesses has been exposed to any privileged material before presenting their testimony at trial. (R&R 22–23.) The United States does not oppose of these measures, and agrees that they will address the danger of prejudice at trial.

Lewis objects that the facts of this case are sufficiently "unique and egregious" to require dismissal. (Def. Obj. 5.) The United States agrees that the issues raised in this case are serious—they have been addressed with commensurate gravity by the appropriate agencies. As the R&R notes, however, under clear precedent of the Supreme Court and the Eighth Circuit, "absent demonstrable prejudice, or substantial threat thereof, dismissal of an indictment is plainly inappropriate," even where violations of attorney-client privilege were deliberate. (R&R 20, citing *O'Brien v. United States*, 386 U.S. 435, 365–66 (1967). Rather, courts must fashion remedies tailored to the particular circumstances of the violations. (R&R 19–20, citing *United States v. Morrison*, 449 U.S. 361, 364 (1981); *United States v. Singer*, 785 F.2d 228, 236–37 (8th Cir. 1986).) Such tailored remedies are exactly what the R&R outlines here.

b.  Lewis's speculation that there may be additional misconduct.

Next, Lewis argues that "significant uncertainty remains whether additional incidents of misconduct occurred." (Def. Obj. 5.) This is purely speculative, however—while the conduct here is very serious, there is no basis to assume, absent evidence, that there is additional undiscovered misconduct.

c.      Lewis's objections to the R&R's remedies.

Lewis next objects that the R&R's proposed remedy of directing the United States to question witnesses to confirm that they have not been exposed to privileged material is insufficient. (Def. Obj. 7–8.) He argues that the threat of prejudice remains despite this measure; in the alternative, he proposes a pretrial hearing wherein all witnesses would be examined about any potential exposure.

Here again, the United States agrees with the R&R's conclusion that measures can and should be tailored to address the danger of prejudice. The R&R's proposals are appropriate and sufficient.

The United States opposes Lewis's request for a pretrial hearing. As the United States noted in its prior filing (Document 110, 5–6), the United States intends to present a discrete and straightforward case, limited to the facts and circumstances surrounding the apprehension of Lewis with a firearm on April 18, 2018. As previously noted, witnesses the United States intends to call at trial are limited to the following categories. The United States has already contacted all but one of these witnesses regarding the possibility of exposure to privileged material. A summary follows:

- Officers of the Coon Rapids Police Department who encountered Lewis in the stairwell of the Loftus Center apartment building on April 18, 2018, struggled with Lewis in the course of the arrest, and found the charged firearm. These individuals are:

    o  Officer Stephen Beberg, Coon Rapids Police Dep't. Officer Beberg has confirmed that the only interaction he had with Det. Villegas was when she took his DNA swab, along with Officer Sharon.

    o  Officer Anthony Newton, Anoka Police Dep't. Officer Newton has confirmed that he cannot recall any interaction at all with Det.

3

      Villegas. He recalls someone taking a DNA swab from him in connection with this investigation, but does not recall who took the sample.[2] Officer Newton confirmed he did not have any substantive exchanges with the individual.

- o <u>Officer Thomas Sharon</u>, Coon Rapids Police Dep't. Officer Sharon has confirmed that he met Det. Villegas in relation to this case[3] only when she took a DNA swab, along with Officer Beberg. His only exchanges with her other than that were emails she sent him where she shared a jail call and a text between Lewis and a girlfriend.

- o <u>Officer Phillip Wege</u>, Coon Rapids Police Dep't. Officer Wege has confirmed that he met Det. Villegas only when she took a DNA swab from him. His only exchange other than that was when Det. Villegas forwarded to Officer Wege a copy of a letter Lewis wrote to the Minnesota Peace Officer Standards and Training (POST) Board complaining of his treatment by police officers.

- Employees of the Loftus Center apartment building present at the scene. These individuals are:

  - o <u>Mr. Michael Moriarty</u>. Mr. Moriarty has confirmed that he met Det. Villegas only when she took his DNA sample. They had not substantive interaction about the case, and have had no other interactions since.

  - o <u>Mr. Brian Prihoda</u>. Mr. Prihoda has confirmed that he met an investigator who took his DNA sample; he does not recall her name.[4] He has had no other interactions with investigators.

- Individuals assigned to the collection and analysis of DNA in the case.[5] These individuals are:

---

[2] It is the understanding of the United States that Det. Villegas was in fact the individual who took Officer Newton's DNA sample.

[3] Prior to the case, Officer Sharon had met Det. Villegas at a training.

[4] It is the understanding of the United States that Det. Villegas was in fact the individual who took Mr. Prihoda's DNA sample.

[5] The admissibility of this evidence, of course, will depend on the Court's ruling on Lewis's *Daubert* motion.

- o <u>Mr. Steve Banning</u>, Midwest Regional Forensic Laboratory (MRFL). Mr. Banning has confirmed that he has had no conversations with Det. Villegas about this case.

- o <u>Ms. Erin Moriarty</u>, formerly of the MRFL. The United States has not yet been able to contact Mr. Moriarty. However as with Mr. Banning, all indications are that she never had any conversations with Det. Villegas about this case.

- o <u>Detective Autumn Nelson</u>, Coon Rapids Police Department. Det. Nelson is the Coon Rapids investigator in the case. She had limited interaction with Det. Villegas about the investigation (they were running parallel investigations from different agencies), but never discussed any communications to an attorney. In any event, Det. Nelson's testimony would be limited to the fact that she collected Lewis's DNA sample.

- <u>Special Agent David Voth</u>, Bureau of Alcohol, Tobacco, Firearms and Explosives, who performed the interstate nexus examination of the firearm. Special Agent Voth has confirmed that he has had no interactions with Det. Villegas, and is not aware of the facts or circumstances of the case—his involvement was limited to an examination of the recovered firearm.

- <u>A fingerprint expert</u> to compare Lewis's fingerprints to certified criminal records, should Lewis decline to stipulate to his status as a felon. That individual has not been identified, but the United States will ensure the expert is someone with no prior involvement in the investigation.

Given the extremely limited nature of these witnesses' interactions with Det. Villegas, and the discrete and specific nature of their testimony, the United States contends that no pretrial hearing is required. The measures outlined by the R&R are appropriate and sufficient to address any concerns.

## **CONCLUSION**

For the foregoing reasons, the United States requests that the Court overrule the Defendant's objections, and adopt the findings and recommendations of the R&R in their entirety.

Dated:   January 13, 2020

                              Respectfully Submitted,

                              ERICA H. MacDONALD
                              United States Attorney

                              */s/ Thomas Calhoun-Lopez*
                              BY:   THOMAS CALHOUN-LOPEZ
                              Assistant U.S. Attorney
                              Attorney ID No. 480908DC