**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

United States of America,

      Plaintiff,

  v.
                                      **ORDER**
                                          Criminal No. 18-194 ADM/DTS

Kenneth Davon Lewis,

      Defendant.

---

Thomas Calhoun-Lopez, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Kevin C. Riach, Esq., Fredrikson & Byron, P.A., Minneapolis, MN, on behalf of Defendant.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Kenneth Davon Lewis' ("Lewis") Objection [Docket No. 112] to Magistrate Judge David T. Schultz's December 16, 2019 Report and Recommendation [Docket No. 111] ("R&R"). In the R&R, Judge Schultz recommends granting in part and denying in part Lewis' Motion to Dismiss Indictment or, Alternatively, to Suppress Testimony [Docket No. 70]. Specifically, Judge Schultz recommends denying the motion to dismiss the Indictment, but granting the motion to suppress testimony. After a de novo review of the record, and for the reasons set forth below, Lewis' Objection is overruled.[1]

## II. BACKGROUND

The factual background of this case is thoroughly set forth in the R&R and is

---

[1] The caption of Lewis' Objection includes a request for oral argument. See Obj. at 1. The request for oral argument is denied.

incorporated by reference. Briefly, on April 18, 2018, Coon Rapids Police Officers arrested Lewis after allegedly observing him with a firearm and methamphetamine in the stairwell of an apartment building. Lewis was detained in the Anoka County Jail. Lewis was charged in Minnesota state court with first degree assault against a police officer, possession of a firearm, and possession of methamphetamine. A state public defender was appointed to represent him. Detective Tessa Villegas ("Detective Villegas") of the Anoka County Sheriff's Office was the lead detective in the state investigation.

In August 2018, Lewis was federally indicted on one count of being an armed career criminal in possession of the firearm seized at the time of the April 18, 2018 arrest. See Indictment [Docket No. 1]. Attorney Kevin Riach, Esq. ("Attorney Riach") was appointed to represent him in this federal case. The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") assumed the federal investigation.

In August 2018, Detective Villegas asked the Anoka County jail to send her copies of all Lewis' incoming and outgoing mail. The jail regularly monitors incoming and outgoing mail by opening and inspecting it for contraband. Handbook [Docket No. 71, Attach. 1]. Jail policy requires that incoming mail from attorneys be opened in the inmate's presence, and that outgoing mail to attorneys will not be read or censored. Id. Detective Villegas did not instruct the jail to screen the mail for privileged material.

The jail complied with Detective Villegas' request by scanning each piece of mail sent or received by Lewis and forwarding the scans to Detective Villegas as attachments to emails. In February 2019, the jail sent Detective Villegas an email that included as an attachment a February 7, 2019 letter from Lewis to his state public defender. Detective Villegas read the

letter and then forwarded it to AUSA Calhoun-Lopez, the federal prosecutor assigned to the case, as an attachment to a February 11, 2019 email. In the body of the February 11 email, Detective Villegas wrote:

> Just some mail to Lewis' County PD if you're interested.
> I am also hearing some VERY vague references to what could be the gun and where it came from in Lewis' calls to his gf – it's very hard to discern between the slang and other language, so I am not sure it would be of any valuable [sic].

Docket No. 71, Attach 2.

AUSA Calhoun-Lopez was not alert to the concerns posed by the February 11 email until late May of 2019, when he was reviewing materials for discovery in the federal case. See Calhoun-Lopez Letter [Docket No. 71, Attach 6]. AUSA Calhoun-Lopez emailed Detective Villegas to ask whether "PD" in her February 11 email meant "public defender," in which case he would not open the attachment because it included privileged information. He directed Detective Villegas to delete all copies of the letter from her email account. Id.

On May 30, 2019, AUSA Calhoun-Lopez sent Lewis' federal attorney, Kevin Riach, a letter informing him of Detective Villegas' violation. Id. AUSA Calhoun-Lopez stated that neither he nor the ATF case agent read the privileged letter. He further informed Attorney Riach that the email would be permanently deleted from AUSA Calhoun-Lopez's email system and Justice Department's archive system. Id.

After Attorney Riach received AUSA Calhoun-Lopez's letter, Lewis filed this motion seeking dismissal of the Indictment or, alternatively, suppression of Detective Villegas' testimony. Lewis also sought additional discovery to determine whether Detective Villegas had engaged in additional misconduct. See Mot. Discovery [Docket No. 72]. The discovery

revealed that Detective Villegas had listened to portions of four jail calls between Attorney Riach and Lewis. See Call Report [Docket No. 103, Attach. 1]. Detective Villegas had also downloaded two other calls between Lewis and Attorney Riach, but there was no way to determine from the jail records whether or what portion of the downloaded calls Detective Villegas listened to. Id.

On September 11, 2019, Judge Schultz held an evidentiary hearing on Lewis' Motion to Dismiss or, Alternatively, to Suppress Testimony. Detective Villegas testified at the hearing. When asked whether she had listened to a privileged phone call between Lewis and his attorney, Detective Villegas answered that she had only listened to a portion of one call and then stopped listening when she realized the call was privileged. Hr'g Tr. [Docket No. 88] at 62. This testimony is inconsistent with the jail records showing Detective Villegas listened to portions of at least four phone calls between Lewis and Attorney Riach.

Detective Villegas also revealed at the evidentiary hearing that she interfered in Lewis' personal life by copying a letter that Lewis' former girlfriend had sent to Lewis in jail, and providing the copied letter to Lewis' current girlfriend. Id. at 67–69. Additionally, Detective Villegas also used the email account of another former girlfriend of Lewis' to send an email to Lewis' current girlfriend. Id. at 71. Detective Villegas also posed on Facebook as a friend of the former girlfriend and communicated with Lewis' current girlfriend. Id. at 86–87. As of November 11, 2019, Detective Villegas is no longer employed by the Anoka County Sheriff's Office. See Gov't Second Suppl. Mem. Law [Docket No. 106] at 1.

The R&R was issued on December 16, 2019. In the R&R, Judge Schultz determined that Detective Villegas' misconduct, while egregious, does not justify dismissal of the Indictment

4

because any prejudice from the intrusion into Lewis' privileged communications can be neutralized through remedial measures. Those measures include barring Detective Villegas from testifying, precluding her further involvement in the case, barring Lewis' current girlfriend and two former girlfriends from testifying, and limiting the Government to calling the witnesses stipulated to in its response to the Motion to Dismiss. R&R at 23–24 (citing Gov't Resp. Mot. Dism. [Docket No. 100] at 6). The Government would also be required to ask each witness, prior to trial, if he or she discussed with Detective Villegas the content of Lewis' February 7 letter to his state public defender. Id. at 24. Judge Schultz recommends granting Lewis' motion to suppress the testimony of Detective Villegas. Lewis filed a timely Objection to the R&R on December 30, 2019.

### III. DISCUSSION

#### A. Standard of Review

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

#### B. Lewis' Objections

Lewis first objects to the conclusion in the R&R that dismissal is not appropriate because no prejudice or substantial threat of prejudice in the federal prosecution resulted from Detective Villegas' constitutional violations. Lewis argues that no showing of prejudice is necessary because the government's misconduct was sufficiently egregious to require dismissal. He further

5

contends that even if such a showing is required, he has demonstrated a substantial threat of prejudice.

The Supreme Court has explicitly held that in cases where the government has violated a defendant's constitutional rights, "absent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even thought the violation may have been deliberate." United States v. Morrison, 449 U.S. 361, 365 (1981). The proper approach is "to identify and then neutralize the taint by tailoring relief appropriate in the circumstances to assure the defendant the effective assistance of counsel and a fair trial." Id. Thus, a defendant must show prejudice or a substantial threat of prejudice before an indictment can be dismissed for government misconduct.

Lewis argues that a substantial threat of prejudice exists here because Detective Villegas may have committed additional misconduct that has not been discovered. This argument is purely speculative and does not demonstrate a substantial threat of prejudice.

Lewis also argues a substantial threat of prejudice exists because witnesses who received information from Detective Villegas have no way of knowing whether the information she gave them came from privileged communications. Lewis contends that the R&R's proposed remedy of directing the United States to question witnesses before trial and confirm they have not been exposed to privileged material does not sufficiently remove the threat that the witnesses' testimony and the Government's trial strategy may be based on tainted information. Lewis proposes a separate pretrial hearing at which a Government taint team lawyer and defense counsel would question the Government's witnesses under oath about the information they received from Detective Villegas.

The Court is greatly troubled by the misconduct of Detective Villegas, which merits sanction. The remedial measures outlined in the R&R are a necessary step toward neutralizing any taint stemming from Detective Villegas' misconduct. The Government is restricted to using at trial only testimony from fact witnesses who were at the scene when Lewis was apprehended and will testify to the facts they observed that day, and to witnesses who will testify as to DNA evidence,[2] interstate nexus, and felony status. These anticipated witnesses had very limited, if any, interactions with Detective Villegas. See Gov't Resp. Def. Obj. [Docket No. 118] at 3–5 (summarizing witness' interaction with Detective Villegas). Given the limited scope of the testimony to be offered, as well as the witness' minimal interaction with Detective Villegas, the measures provided in the R&R will substantially remedy the risk of prejudice from Detective Villegas' violations in the federal case.

In addition to the measures recommended by Judge Schultz, the Court will impose one further safeguard. Namely, if AUSA Calhoun-Lopez discovers that a witness had interaction with Detective Villegas about the case beyond conversations involving DNA swabbing, Attorney Riach will be entitled to question the witness outside the presence of the jury in a manner to be determined by this Court. This added safeguard will adequately eliminate any risk of prejudice from Detective Villegas' misconduct. Thus, the R&R is adopted as modified by this additional safeguard.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

---

[2] Introduction of DNA evidence will depend on the Court's ruling in Lewis' motion under Daubert v. Merrill Dow Pharmaceuticals, 509 U.S. 579, 592 (1993) [Docket No. 27].

1. Defendant Kenneth Davon Lewis' Objection [Docket No. 112] to Magistrate Judge David T. Schultz's December 16, 2019 Report and Recommendation [Docket No. 111] is **OVERRULED**;

2. The Report and Recommendation [Docket No.] is **ADOPTED as MODIFIED** above; and

3. Lewis' Motion to Dismiss Indictment or, Alternatively, to Suppress Testimony [Docket No. 70] is **DENIED IN PART** and **GRANTED IN PART** as specified in the R&R and this Order.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: February 3, 2020.