# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-194 (NEB/DTS) |
| Plaintiff, | |
| v. | ORDER ON MOTIONS IN LIMINE, MOTION TO CALL WITNESS, AND REQUEST TO DISMISS COUNSEL |
| KENNETH DAVON LEWIS, | |
| Defendant. | |

---

Defendant Kenneth Davon Lewis is charged with being an armed career criminal in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Trial is set to begin September 21, 2020. A pretrial conference was held on September 18, 2020, at which the parties argued several motions in limine. (ECF Nos. 132 ("Gov't Mot. I"), 134 ("Def's Mot. I"), 135 ("Def's Mot. II").) The government also argued its motion to call a witness. (ECF No. 137 ("Gov't Mot. II").) The Court addresses each motion in turn, as well as the defendant's letter of dismissal of counsel. (ECF No. 144.)

## I.    Government's Motions in Limine

### A.    *Government's First Motion in Limine to Preclude Mention of Potential Punishment*

The government requests that the Court preclude any reference to the sentence the defendant may receive if convicted. The defendant does not object. Because "any

1

reference to sentencing [is] improper," *United States v. Fenner*, 600 F.3d 1014, 1023 n. 7 (8th Cir. 2010), the government's request is granted as a correct statement of the law.

**B.**     ***Government's Second Motion in Limine to Preclude Hearsay Statements of Defendant***

The government moves to preclude the defendant and his counsel from offering or referring in any way to hearsay statements of the defendant. The defendant responds that he only opposes this request to the extent that it seeks to bar statements that might otherwise come into evidence through a recognized hearsay exception. "Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these [Federal Rules of Evidence]; or other rules prescribed by the Supreme Court." Fed. R. Evid. 802. To the extent the government requests that the defense comply with the Rules of Evidence, including the rules governing hearsay, the motion is granted as a correct statement of the law. During trial, the Court will consider each hearsay objection in turn.

**C.**     ***Government's Fourth Motion to Preclude Misconduct of Law Enforcement Officers after Defendant's Arrest***

The government requests that the Court preclude the defendant and his counsel from referencing any misconduct of law enforcement officers after the defendant's arrest. (Gov't Mot. I at 2.) The government maintains that such evidence is not relevant and would be unduly prejudicial, but acknowledges that such evidence may be admissible if it casts doubt on or undercuts evidence admitted by the government. (ECF No. 130 ("Gov't Tr. Br.") at 7–8.) The government contends that there is no probative value in

2

exploring the subsequent actions of law enforcement because the actions have no bearing on the events of April 18, 2018, or the question of whether the defendant knowingly possessed a firearm.

The defendant objects, arguing that the misconduct of former Anoka County Detective Tessa Villegas is directly linked to evidence the government seeks to introduce and thus is relevant. Villegas was the lead county detective on the defendant's case. Because of her post-arrest misconduct in connection with this case,[1] Judge Montgomery ordered that the government be restricted to using at trial only testimony from fact witnesses who were at the scene when the defendant was apprehended and will testify to the facts they observed that day, and to witnesses who will testify as to DNA evidence, interstate nexus, and felony status. (ECF No. 121 at 7.) Judge Montgomery determined that these measures would substantially remedy the risk of prejudice from Villegas's violations in this case given the limited the scope of testimony offered and the witnesses' minimal interaction with Villegas. (*Id*.)

The defendant argues that Villegas's misconduct has tainted the chain of custody of the DNA evidence and undermined the reliability of that evidence, making her misconduct relevant. He maintains that excluding evidence of Villegas's misconduct

---

[1] Villegas's multiple instances of misconduct are set forth in detail in the December 16, 2019 Report and Recommendation of Magistrate Judge Schultz, and in Judge Montgomery's February 3, 2020 order adopting as modified the Report and Recommendation. (ECF Nos. 111, 121.)

would prejudice him and deprive the jury of facts it needs to make an informed decision

in this case.

> In general, physical evidence may be admitted if "a chain of custody exists
> that shows a reasonable probability that the evidence has not been changed
> or altered." *United States v. Lothridge*, 332 F.3d 502, 504 (8th Cir. 2003). For
> purposes of admissibility, the court presumes that the custodians have
> preserved the integrity of such evidence, unless there is a showing of bad
> faith, ill will, or proof that someone has tampered with the evidence. *United
> States v. Miller*, 994 F.2d 441, 443 (8th Cir. 1993).

*United States v. Brumfield*, 686 F.3d 960, 965 (8th Cir. 2012); *see also United States v. Patrick*,

248 F.3d 11, 22 (1st Cir. 2001) ("Certain inadequacies—for example, those that go to the

chain of custody or the preservation of evidence—may undercut the reliability of physical

evidence against the accused.").

The Court requested and received additional briefing, evidence, and witness

testimony from the parties on Villegas's involvement in the chain of custody of the DNA

evidence. At the pretrial conference held on September 18, 2020, the government elicited

evidence indicating that Villegas was not within the chain of custody of the DNA sample,

and that the sample was not in her hands or custody. (ECF Nos. 160, 160-1.) While

Villegas requested the defendant's DNA sample from the Coon Rapids Police

Department, the evidence shows that Villegas did not accept the sample; rather, another

officer received it. (ECF No. 160 at 2.)

The defendant cites several examples of Villegas's contacts with evidence *other
than* Lewis's DNA sample. (ECF No. 161.) First, he points to Villegas's involvement in

4

collecting DNA evidence from other officers and a witness. But this evidence will not be at issue at trial because Judge Montgomery decided that evidence of the exclusion of relevant police officers and the landlord (MM) as potential contributors to the DNA mixtures found on the gun is not admissible. (ECF No. 128 at 13.) Thus, the evidence and testimony presented to the Court indicates that no relevant forensic evidence passed through Villegas's hands.

Second, the defendant notes that Villegas investigated the existence of an unsubmitted DNA swab taken by the Coon Rapids police from the gun's trigger, of which she could find no evidence. The defendant argues that the jury needs to evaluate the credibility of any government attempt to disavow the existence of the "missing Coon Rapids trigger swab." (ECF No. 161 at 3.) The Court fails to see the relevance of Villegas's unsuccessful attempt to locate this swab, or how her misconduct impacts the jury's evaluation of the government's position on the swab.

Finally, the defendant makes the general argument that the jury will need to evaluate the credibility and potential bias of witnesses who received information about the case from Villegas. Judge Montgomery considered the impact of Villegas's misconduct on witnesses, and ordered the safeguard of allowing defense counsel to question any witness outside the presence of the jury if the government discovers that the witness interacted with Villegas about the case beyond conversations involving DNA

swabbing.[2] (ECF No. 121 at 7.) The Court will not revisit Judge Montgomery's ruling on this issue.

For these reasons, the Court grants the motion in limine to preclude evidence of Villegas's misconduct after the defendant's arrest.

### D.  *Government's Fifth Motion in Limine to Preclude Impeaching Witnesses regarding Personal Conflicts between Them that Predate the Crime Charged*

The government moves to preclude the impeachment of witnesses regarding personal conflicts between them that predate the crime charged in the Superseding Indictment as irrelevant and inadmissible under Rule 403. (Gov't Mot. I at 2; Gov't Tr. Br. at 8.) The defendant objects, explaining that one government witness (MM) told the government during an interview that MM (1) had been cited repeatedly by the initial responding officer in the case (Officer Shannon) relating to drug activity at the building owned by MM and was the scene of the alleged offense, (2) contested the fines arising from the citations, and (3) had stated that Officer Shannon was a "liar" at a city administrative hearing on the fines. (ECF No. 138 at 5.)

The Court agrees that the evidence regarding the history of and between Officer Shannon and MM is relevant and admissible. *See United States v. Allen*, 540 F.3d 821, 824 (8th Cir. 2008) ("Proof of bias is almost always relevant because the jury, as finder of fact

---

[2] When questioned about this at the pretrial hearing, the government stated that it had made the inquiry and none of the witnesses spoke to Detective Villegas about anything regarding what she saw. Defense counsel had no further follow up regarding this inquiry.

and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." (citing *United States v. Abel*, 469 U.S. 45, 52 (1984)). For these reasons, the motion to preclude impeachment of witnesses regarding the personal conflict between Officer Shannon and MM is denied.

E.    *Government's Motion to Allow the Impeachment of Defendant with Prior Felony Convictions*

The government requests that if the defendant elects to testify, the Court allow the government to impeach the defendant with his prior felony convictions within the last ten years for the limited purpose of impeaching his credibility pursuant to Rule 609(a)(1)(B). The Court will rule on this motion if the defendant decides to testify.

II.    **Government's Third Motion in Limine on Admissibility of Methamphetamine Evidence and Defendant's Motion in Limine to Exclude Evidence of Methamphetamine Possession**

The parties dispute the admissibility of methamphetamine found on the floor next to the firearm in this case and drug paraphernalia found on the defendant after his arrest. (Gov't Mot. I at 1–2; Def's Mot. II.) The government seeks to offer this evidence to establish the defendant's possession of the charged firearm, arguing that the fact that the defendant possessed in his pocket a hypodermic needle and glass pipe suggests that the methamphetamine found nearby after the struggle with police officers was likewise his, making it more likely that the firearm was his as well. (Gov't Mot. I at 1–2; Gov't Tr. Br. at 6.) In other words, because the firearm was found next to the methamphetamine, if the defendant dropped the methamphetamine during the struggle, this corroborates the

allegation that he also dropped the firearm. *See United States v. Battle*, 774 F.3d 504, 511 (8th Cir. 2014) ("When evidence of other crimes tends logically to prove any element of the crime charged it is admissible as an integral part of the immediate context of the crime charged and is not extrinsic and therefore is not governed by Rule 404(b)." (citation omitted, cleaned up)).

The defendant objects and moves to exclude this evidence under Rules 402 and 403 of the Federal Rules of Evidence, arguing that the evidence is irrelevant and has no probative value with respect to whether the defendant possessed the firearm at issue, but has significant prejudicial value. The government responds that a witness will testify that she and the defendant were using methamphetamine in the early morning of April 18, 2018, and that the witness saw the defendant with a firearm before he was arrested. (ECF No. 139 at 3.)

First, the Court agrees that the methamphetamine evidence is intrinsic to the crime charged, and thus not subject to the confines of Rule 404(b) of the Federal Rules of Evidence. "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred" and "is admitted because the other crime evidence 'completes the story' or provides a 'total picture' of the charged crime." *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014) (citation omitted). Here, evidence of the methamphetamine and drug paraphernalia is intrinsic evidence corroborating the witness's account of the defendant possessing a

firearm and providing context to the charged conduct. *See United States v. Fogg*, 922 F.3d 389, 393 (8th Cir. 2019) (concluding that "evidence of drugs and drug paraphernalia seized along with a short-barreled shotgun after a car chase that ended with Fogg's arrest was clearly intrinsic"); *United States v. Williams*, 796 F.3d 951, 961–62 (8th Cir. 2015) (rejecting argument that heroin was extrinsic to defendant's possession of the handgun as a felon, noting the heroin "was discovered in the same sequence of events as the handgun," and the heroin's presence explains why defendant "may have been carrying the handgun").

Second, the Court agrees that the methamphetamine evidence should not be excluded under Rule 403. "Whether intrinsic or subject to Rule 404(b)'s limitation, evidence may be excluded 'if its probative value is substantially outweighed by a danger of . . . unfair prejudice.'" *Fogg*, 922 F.3d at 393 (citing Fed. R. Evid. 403). The Court concludes that the probative value is not substantially outweighed by the prejudicial effect of the methamphetamine evidence. But to assuage any potential prejudice arising from this evidence, the Court will give a limiting instruction. "The presence of a limiting instruction 'diminishes the danger of any unfair prejudice arising from the admission of other acts.'" *United States v. Cotton*, 823 F.3d 430, 435 (8th Cir. 2016) (citation omitted); *see Fogg*, 922 F.3d at 393 (finding no abuse of discretion where "nothing in the record suggests unfair prejudice, especially in light of the court's Final Instruction 8, which instructed the jury that it could not find Fogg guilty of the gun charges 'simply because drugs or drug

paraphernalia were found in the vehicle.'"). The defendant argues that attempts to ameliorate prejudice by telling the jury that the defendant does not face any drug possession charges in connection with the methamphetamine "will only hang a lantern on the prejudicial evidence." (Def's Mot. II at 2.) The Court disagrees. *See generally United States v. Fechner*, 952 F.3d 954, 962–63 (8th Cir. 2020) (rejecting argument that a limiting instruction regarding child erotica images prejudiced defendant where "the district court gave a standard 404(b) instruction as part of the final jury instructions, which [the Eighth Circuit has] previously determined cures unfair prejudice"). The Court will give a limiting instruction as to the proper use of the methamphetamine evidence.

For these reasons, the government's motion in limine as to the methamphetamine evidence is granted, and the defendant's motion in limine is denied.

### III.   Defendant's Motion in Limine to Exclude Reference to DNA Evidence in Opening Statements

The defendant moves to preclude the government from referencing DNA evidence in its opening statements because the chain of custody of the DNA evidence is not clear from the pre-trial discovery, and the prejudicial value of reference to DNA evidence in the opening will be significant even if the evidence is excluded for lack of foundation. (Def's Mot. I.) The government has since provided more detailed evidence of the chain of custody. (ECF Nos. 160, 160-1.) Moreover, "[a]ny defect in the chain of custody typically affects the weight of the evidence rather than its admissibility." *Brumfield*, 686 F.3d at 965 (citing *United States v. Briley*, 319 F.3d 360, 363 (8th Cir. 2003)). Because the defendant's

attack on the chain of custody goes to the weight of the evidence, and not its admissibility, the Court denies the motion.

## IV.    Government's Motion to Call Witness BLH.

The defendant's witness list includes witness BLH. The government, after receiving the defendant's witness list and interviewing BLH, moves to add BLH to its own witness list. (Gov't Mot. II.) The defendant objects, arguing that BLH is not on the list of allowed government witnesses in Judge Schultz's R&R addressing Detective Villegas's misconduct. (*See* ECF No. 111 at 23–24.) The defendant's real objection is that BLH has now substantially changed her story.

Judge Montgomery's order adopting as modified the R&R allows the government to use at trial "only testimony from fact witnesses who were at the scene when Lewis was apprehended and will testify to the facts they observed that day . . . ." (ECF No. 121 at 7). According to the government, BLH was at the scene of the arrest, and therefore falls within the scope of its initial stipulation as to witnesses. (Gov't Mot. II at 2; *see* ECF No. 100 at 5–6 (stating that the government intends to call "individuals present at the scene, and expert witnesses").) The Court agrees. BLH's alleged change of story is appropriate for cross-examination, but does not preclude her testimony. The government's motion to call witness BLH is granted.

**V.     Defendant's Letter of Dismissal of Counsel**

Finally, the defendant filed a Letter of Dismissal of Counsel. (ECF No. 144.) At the pretrial hearing, the defendant stated that his issues with his counsel had been resolved and that he wishes to continue with his counsel. The Court therefore concludes the letter is moot.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.     The government's Motions in Limine (ECF No 132) are GRANTED IN PART and DENIED IN PART, such that:

    a.     The government's motion to preclude reference to Defendant's potential punishment is GRANTED;

    b.     The government's motion to preclude hearsay statements of Defendant is GRANTED;

    c.     The government's motion for pretrial ruling on admissibility of methamphetamine evidence is GRANTED;

    d.     The government's motion to preclude misconduct of law enforcement officers after Defendant's arrest is GRANTED;

    e.     The government's motion to preclude impeaching witnesses regarding personal conflicts between them is DENIED;

f.      The government's motion to allow the impeachment of defendant with

prior felony convictions is DEFERRED;

2.      Defendant's Motion in Limine to Exclude Reference to DNA Evidence in

Opening Statements (ECF No. 134) is DENIED;

3.      Defendant's Motion in Limine to Exclude Evidence of Methamphetamine

Possession (ECF No. 135) is DENIED;

4.      Government's Motion to Call Witness (ECF No. 137) is GRANTED; and

5.      Defendant's Letter of Dismissal of Counsel (ECF No. 144) is MOOT.


Dated: September 18, 2020                        BY THE COURT:

                                                 s/Nancy E. Brasel
                                                 Nancy E. Brasel
                                                 United States District Judge